UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Cindy Bunker</u>

    v.                                                   Civil No. 14-cv-274-PB
                                                             Opinion No. 2014 DNH 161
<u>Midstate Mutual Insurance</u>
<u>Company, et al.</u>


**MEMORANDUM AND ORDER**


    Cindy Bunker was injured at a Nashua, New Hampshire rental property owned by Brian Nadeau.  She sued Nadeau for negligence and later brought a separate insurance coverage action in state court against Nadeau, a New Hampshire resident, and his insurer, Midstate Insurance Company, a New York corporation.  Midstate removed the insurance coverage action to this court.

    Bunker has filed a motion to remand, arguing that the court lacks diversity of citizenship jurisdiction over the insurance coverage action because she and Nadeau are both residents of New Hampshire.  Midstate has responded by claiming that the parties should be realigned for jurisdictional purposes because she and Nadeau share a common interest in obtaining coverage for Bunker under the Midstate policy.

For jurisdictional purposes, I must look beyond the pleadings and arrange the parties according to their actual interests in the dispute.  See City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 75 n.4 (1941) (in determining diversity of citizenship, "the parties must be aligned according to their 'attitude towards the actual and substantial controversy'" (quoting Sutton v. English, 246 U.S. 199, 204 (1918))).  As Midstate contends, Bunker and Nadeau have the same interests here.  That they are adverse parties in a separate state court negligence action is of no matter.  See Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1157 (9th Cir. 2012) ("When considering the primary purpose of a federal case in a realignment inquiry, a court may not consider claims made in a different case.").

I am guided by Littlefield v. Acadia Ins. Co., 392 F.3d 1, 4 n.2 (1st Cir. 2004), in which the plaintiff named an insurance policy holder as a defendant in his declaratory judgment action seeking coverage for his injuries.  Since both the plaintiff and the policy holder were residents of New Hampshire, the inclusion of the policy holder would normally have defeated diversity jurisdiction.  Nevertheless, the First Circuit, noting the identical interests and relief sought by the plaintiff and policy holder, realigned these parties and permitted the district court to assert jurisdiction over the matter.  Id.

(citing Indianapolis, 314 U.S. at 75 n.4).

    The same logic applies here.  Both Bunker and Nadeau seek a declaration that Midstate is obligated to provide coverage - Bunker in the initial claim, and Nadeau in a crossclaim against Midstate.[1]  As in Littlefield, Bunker and Nadeau have the same interests in this dispute.  Because diversity of citizenship exists after the parties are realigned according to their interests, I deny Bunker's motion to remand.  Doc. No. 9.

    SO ORDERED.


                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

July 28, 2014

cc:   Thomas E. Craig, Esq.
      James E. Fiest, Esq.
      Adam R. Mordecai, Esq.
      Doreen F. Connor, Esq.
      Kevin G. Collimore, Esq.

---

[1] Nadeau's crossclaim requests a declaration "that the Midstate policy applies to the Plaintiff's claim and provides coverage for [Bunker's] claims against Brian Nadeau."  Doc. No. 8.