UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>**Cindy Bunker**</u>

    **v.**   Civil No. 14-cv-274-PB
   Opinion No. 2014 DNH 177
<u>**Midstate Mutual Insurance
Company, et al.**</u>


<u>**MEMORANDUM AND ORDER**</u>

    Cindy Bunker was injured at a Nashua, New Hampshire rental property owned by Brian Nadeau, a New Hampshire resident. She brought a negligence action against Nadeau in New Hampshire Superior Court and later filed a separate insurance coverage action in state court against Nadeau and his insurer, Midstate Mutual Insurance Company, a New York corporation. Midstate removed the insurance coverage action to this court. Nadeau subsequently filed a cross-claim seeking a declaratory judgment that Midstate's insurance policy covers Bunker's injuries.

    Midstate has filed a motion to dismiss arguing that all of the claims against it are barred by the relevant statute of limitations. In the alternative, Midstate requests that I dismiss this action under the doctrine of forum non conveniens.

### I.   <u>BACKGROUND</u>

    Bunker was seriously injured in August 2013 when she fell

down a flight of stairs at a rental property owned by Nadeau in Nashua, New Hampshire.  On October 4, 2013, she filed a negligence action against Nadeau in New Hampshire Superior Court.  During the course of settlement discussions, Bunker asked Nadeau to produce all potentially applicable insurance policies.  Nadeau produced the Midstate policy in response to her request on April 14, 2014.  Upon examination, Bunker determined that the Midstate policy covered her injuries, and she submitted a claim to Midstate the next day.  Midstate disagreed with Bunker's interpretation of the policy and denied her claim on May 12.  On May 14, Bunker filed the present action in New Hampshire Superior Court.

On June 26, Nadeau answered Bunker's complaint and filed a cross-claim against Midstate seeking a declaratory judgment that the Midstate policy covers Bunker's claims.

## II.  **STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

In deciding a motion to dismiss, I employ a two-step approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks, and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Twombly, 550 U.S. at 556.  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at

3

555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### III. ANALYSIS

I begin by addressing Midstate's statute of limitations argument before turning to the doctrine of forum non conveniens.

**A.    N.H. Rev. Stat. Ann. § 491:22**

A motion to dismiss based on a statute of limitations is only successful when "the pleader's allegations leave no doubt that an asserted claim is time-barred." Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (internal quotation marks omitted). To support dismissal, Midstate relies upon New Hampshire's statute of limitations for declaratory judgment actions. See N.H. Rev. Stat. Ann. § 491:22.[1] Section 491:22 provides that a petition "to determine coverage of an insurance policy" must be filed "within 6 months after the filing of the

---

[1] Though neither party argues otherwise, it is worth noting that the New Hampshire statute of limitations applies here regardless of whether New York or New Hampshire law governs more generally. New Hampshire "generally treat[s] statutes of limitations as procedural statutes and accordingly appl[ies] [its] own law." Waterfield v. Meredith Corp., 161 N.H. 707, 710 (2011) (citing Keeton v. Hustler Magazine, Inc., 131 N.H. 6, 14 (1988)). This holds true "in any case in which either party is a New Hampshire resident or the cause of action arose in this State." Keeton, 131 N.H. at 15. Here, the statute of limitations applies because both Bunker and Nadeau are New Hampshire residents and the accident for which Bunker and Nadeau seek coverage occurred within the state.

writ, complaint, or other pleading initiating the action which gives rise to the question." Bunker's complaint in the negligence suit, filed on October 4, 2013, initiated the action which gave rise to the declaratory judgment claim. Midstate thus argues that any claim based on New Hampshire's declaratory judgment statute is barred because it was not brought within the six month period after the complaint in which the underlying action was filed.

The six month limitations period is not without exceptions, however. It does not apply where (1) "the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer" until after the six month period; or (2) when the failure to file was "the result of accident, mistake or misfortune and not due to neglect." Id. § 491:22(III). Both Nadeau and Bunker rely on the first exception, the so-called "late discovery exception." Binda v. Royal Ins. Co., 144 N.H. 613, 616 (2000). The late discovery exception only applies when "the facts giving rise to a coverage dispute are not known or reasonably discoverable until after the expiration of the six-month period." Id. In those circumstances, a declaratory judgment action can permissibly be filed "within a reasonable time frame." Id. With these standards in mind, I address section 491:22's application to

Nadeau and Bunker in turn.[2]

    1.   <u>Nadeau</u>

Nadeau relies upon the late discovery exception to argue that the facts giving rise to the coverage dispute were "not known or reasonably discoverable" until after Midstate denied Bunker's request for coverage in May 2014. Nadeau contends that Midstate's denial of coverage gave rise to the coverage dispute and that he filed his claims within a reasonable time-frame thereafter. Midstate responds by arguing that because Nadeau was both the defendant in the underlying action and the insured under the Midstate policy, he was "uniquely positioned" in October 2013 to possess awareness of all of the facts necessary to alert him to the coverage dispute. Doc. No. 19.

Nadeau's attempt to align his knowledge with Bunker's during the relevant time period is unconvincing. It is clear that Nadeau need not have actual knowledge of a denial of coverage. "The statute does not . . . require an actual denial of coverage by an insurer before an insured must seek a determination of coverage or risk being time barred. Rather,

---

[2] Although the late discovery exception by its terms applies only when the facts giving rise to the dispute are not known to or reasonably discoverable by the "insurer," the New Hampshire Supreme Court has applied the exception to both insured and insurers. Mottolo v. U.S. Fidelity & Guar. Co., 127 N.H. 279, 282 (1985).

[it] . . . requires only that the insured know or be able to reasonably discover facts which form the basis of a coverage dispute." Binda, 144 N.H. at 616.  Here, Nadeau "kn[ew] or [was] able to reasonably discover" all of the relevant facts that formed the basis of the coverage dispute – those concerning the underlying negligence suit and the potential applicability of the Midstate policy to Bunker's claims – when Bunker filed her negligence action against him in October 2013.  He did not file his declaratory judgment claim until June 26, 2014, some nine months later.  The statute of limitations thus bars Nadeau's request for a declaratory judgment.

    2.   <u>Bunker</u>

Bunker has alleged that she had no knowledge of Nadeau's Midstate policy until April 2014.  Prior to accepting a settlement offer, Bunker requested information concerning any insurance policies held by Nadeau that might cover her injuries.  On April 14, 2014, Nadeau provided the Midstate policy to Bunker, and the next day she submitted her claim.  Bunker filed her declaratory judgment action on May 14, only two days after Midstate denied coverage – but some seven months after she had filed her initial complaint in the negligence suit.

    Midstate's initial briefing omitted any mention of the late discovery exception.  Doc. No. 2-1.  After Bunker invoked the

7

exception, Midstate maintained that her claim should nevertheless be barred because she offered no explanation as to why she did not learn of the policy sooner or why it was not reasonably discoverable within the six month time period. Relatedly, Midstate argues for dismissal because her complaint does not plead sufficient facts to support her claim.

I disagree with both arguments.  Bunker's complaint alleges that she engaged in settlement negotiations with Nadeau but was not made aware of Midstate's policy until April 14, 2014.  She thus pleads that she lacked knowledge of the policy until after the six-month limitations period had run.  She filed her coverage claim with Midstate one day after learning of the policy and her declaratory judgment action two days after Midstate's denial of coverage.  At a minimum, these allegations "leave . . . doubt" as to whether Bunker could reasonably have known of the facts underlying the coverage dispute.  See Gorelik, 605 F.3d at 121.  Moreover, she acted "within a reasonable time frame" after discovering the Midstate policy. See Binda, 144 N.H. at 616.  Dismissal of Bunker's claim is thus improper at this stage of the proceedings.[3]

---

[3] In reaching this conclusion, I note that Midstate has not argued that Bunker lacks standing to bring an insurance coverage claim at the present time.  See Burke v. Fireman's Fund Ins. Co., 120 N.H. 365, 366 (1980) (holding that an injured party

**B.      Forum Non Conveniens**

Midstate also urges me to dismiss this case on forum non conveniens grounds because New York state courts are a more appropriate forum. Forum non conveniens is a "discretionary tool for the district court to dismiss a claim" even when it has proper jurisdiction. Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947)). A federal court has discretion to dismiss on forum non conveniens grounds when "an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (alterations omitted) (citing Am. Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994)).

This exacting standard is emphasized in the Supreme Court's holding that "[t]he common-law doctrine of forum non conveniens

---

does not have a direct cause of action against the company insuring the person who injured him); see also Mendez v. Brites, 849 A.2d 329, 333 n.2 (R.I. 2004) (addressing the standing of injured parties seeking declaratory judgments in direct action states). In denying Midstate's motion to dismiss, I express no opinion on that issue.

9

'has continuing application [in federal courts] only in cases where the alternative forum is abroad' and perhaps in rare instances where a state or territorial court serves litigational convenience best." Id. at 430 (alteration in original) (citations omitted) (quoting Am. Dredging Co., 510 U.S. at 449 n.2); accord Jackson Nat'l Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 219 (D.N.H. Apr. 30, 2008). By any consideration of the facts, Midstate has simply not provided sufficient arguments to meet these restrictive standards. I thus deny Midstate's motion to dismiss for forum non conveniens.

### III.  CONCLUSION

For the reasons discussed above, I grant Midstate's motion to dismiss the claims raised by Brian Nadeau, Doc. No. 15, and deny its motion to dismiss the claims raised by Cindy Bunker, Doc. No. 2.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 25, 2014

cc:   Thomas E. Craig, Esq.
      James E. Fiest, Esq.
      Adam R. Mordecai, Esq.
      Doreen F. Connor, Esq.
      Kevin G. Collimore, Esq.

10